# IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| ROBERT ANDREW MEEK,<br><br>　　　Plaintiff,<br><br>v.<br><br>WESLEYLIFE, d/b/a BRIO OF JOHNSTON,<br><br>　　　Defendant. | Case Number: _____<br><br><br>**ORIGINAL NOTICE** |

TO THE ABOVE-NAMED DEFENDANT, WESLEYLIFE, d/b/a BRIO OF JOHNSTON:

　　　You are notified that a Petition has been filed in the office of the Clerk of this Court naming you as a Defendant in this action. A copy of the Petition (and any documents filed with it) is attached to this notice. The attorney for the Plaintiff is Drew J. Gentsch, Whitfield & Eddy, P.L.C., 699 Walnut Street, Suite 2000, Des Moines, IA 50309. Said attorney's phone number is 515-288-6041 and facsimile number is 515-246-1474.

　　　You must serve a Motion or Answer within 20 days after service of this Original Notice upon you, and within a reasonable time thereafter, file your Motion or Answer with the Clerk of Court for Polk County, Polk County Courthouse, 500 Mulberry Street, Suite 408, Des Moines, Iowa 50309. If you do not, judgment by default may be rendered against you for the relief demanded in the Petition.

　　　This case has been filed in a county that utilizes electronic filing. General rules and information on electronic filing are contained in Iowa Court Rules Chapter 16. Information regarding requirements related to the protection of personal information in court filings is contained in Iowa Court Rules Chapter 16, Division VI.

　　　If you need assistance to participate in Court because of a disability, call the disability coordinator at Phone No. (515) 286-3394 - District ADA Coordinator, 1st Judicial District. Persons who are hearing or speech impaired may call Relay Iowa TTY at 1-800-735-2942. Disability coordinators cannot provide legal advice.

**IMPORTANT**

YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS.

EXHIBIT A

# STATE OF IOWA JUDICIARY

Case No. LACL149411

County Polk

Case Title ROBERT ANDREW MEEK V WESLEYLIFE DBA BRIO OF JOHNST

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**

Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16**: http://www.iowacourts.state.ia.us/Efile

*Scheduled Hearing:*

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(515) 286-3394**. (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942**.)

Date Issued 12/21/2020 03:06:20 PM



District Clerk of Polk County

/s/ Christy Wagner

**IN THE IOWA DISTRICT COURT FOR POLK COUNTY**

| | |
|---|---|
| ROBERT ANDREW MEEK,<br><br>    Plaintiff,<br><br>v.<br><br>WESLEYLIFE, d/b/a BRIO OF JOHNSTON,<br><br>    Defendant. | Case Number: _____<br><br><br>**PETITION AT LAW and<br>JURY DEMAND** |

COMES NOW the Plaintiff, Robert Andrew Meek (hereinafter "Plaintiff" or "Andrew"), by and through his undersigned counsel, and respectfully states the following causes of action against Defendant, WesleyLife, d/b/a Brio of Johnston (hereinafter "Defendant" or "Wesley Brio"), as follows:

## PARTIES

1.  Andrew is a fifty-six (56) year old male individual, a resident of the State of Iowa, and was, at all times material hereto, employed in Johnston, Polk County, Iowa by WesleyLife at its Brio of Johnston facility.

2.  WesleyLife, d/b/a Brio of Johnston, is a not for profit corporation doing business in Iowa and organized and existing under the laws of the State of Iowa with the Brio of Johnston facility in Johnston, Polk County, Iowa.

## NATURE OF ACTION, JURISDICTION, AND VENUE

3.  This action is brought to remedy a violation of Plaintiff's rights pursuant to: 29 U.S.C. § 2601 et seq., the Family and Medical Leave Act of 1993 (hereinafter "FMLA"), as amended; 42 U.S.C. § 2000e, et seq., Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"), as amended; 42 U.S.C. §§ 12101 et seq., Americans with Disabilities Act Amendments

Act of 1990 (hereinafter "ADAAA"), as amended; and Iowa Code Chapter 216, Iowa Civil Rights Act of 1965, as amended.

4. Andrew incurred damages in excess of the jurisdictional limits of this Court.

5. Plaintiff exhausted his administrative remedies by filing a discrimination complaint with the Iowa Civil Rights Commission ("ICRC") and by cross-filing the complaint with the Equal Employment Opportunity Commission ("EEOC"). Attached as Exhibit 1 is the Right to Sue Letter received from the Iowa Civil Rights Commission, and Exhibit 2 is the Right to Sue Letter received from the Equal Employment Opportunity Commission.

## STATEMENT OF FACTS

6. Wesley Brio employed Andrew as the Brio of Johnston Director of Food and Beverage on July 23, 2018, which required Andrew to direct food staff, food ordering, storage, preparation, and service across Wesley Brio's facilities, including assisted living and skilled care facilities.

7. Andrew reported to Teresa Kreuger, the Executive Director of Wesley Brio.

8. Andrew has suffered from severe arthritis and increasing hip pain for years, and on August 28, 2019, his doctor recommended that he undergo hip replacement surgery, and work shorter days to implement work restrictions in order to reduce damage and pain prior to the prescribed surgery.

9. Despite Andrew's ongoing ailments, his work performance was well received, as he obtained a merit pay increase in early 2019.

10. After meeting with his doctor, Andrew filled out Wesley Brio's required accommodation paperwork, which noted that Andrew could perform the essential duties of his job if given reasonable accommodations. Andrew delivered all paperwork related to his

condition, prescribed surgery and accommodation request, as re-required on several instances, to Cindy Severson, the Wesley Brio Director of People and Culture (human resources).

11. Ms. Krueger, upon being informed by Andrew of his condition, prescribed surgery and need for accommodations, suggested that Andrew needed to get a room in skilled at Brio.

12. Shortly thereafter, Ms. Krueger, Andrew's supervisor, began setting deadlines for some of Andrew's work tasks and questioning Andrew's actions in his division, which had not occurred prior to Andrew's accommodation request.

13. Staffing, as arranged by Wesley Brio human resources, became increasingly difficult for Andrew's division and he was often left short staffed by management.

14. Ms. Krueger required Plaintiff, as well as other male directors, to attend one-on-one meetings with her, but failed to require the same of female directors until after Andrew raised concerns with the human resources department, as more fully developed below.

15. On September 7, 2019, Andrew notified Kristy VanDerWeil, Vice President of People and Culture at Wesley Life, of Ms. Krueger's behavior, reporting several incidents of gender discrimination and harassment.

16. Andrew felt that Ms. Krueger was making every effort to terminate his employment after finding out about his needed accommodation along with his complaints to Ms. VanDerWeil about Ms. Krueger's conduct.

17. Despite Andrew's requested accommodations, staffing from Wesley Brio to his division continued to be perpetually lacking to accomplish all tasks.

18. On several occasions, Ms. Krueger signed up for shifts to help out in Andrew's division, but then failed to show up for some of the shifts.

19. Due to the now perennial short staffing and lack of follow through from Wesley Brio management, Andrew was forced to take on whatever duties remained unfilled in his division to get the residents/clients of Wesley Brio fed and keep the division running, even if such duties may have exceeded his doctor's restrictions.

20. At a subsequent meeting on September 26, 2019 with Ms. Krueger and Ms. Severson, Ms. Krueger notified Andrew that she had "many serious concerns" with the operation of the Food and Beverage Division, and that she wanted to set up a separate meeting to discuss these issues.

21. The next day, Andrew received a "Written Coaching" list that he was asked to review and sign. Andrew sent a follow-up email requesting some changes to certain items that he felt were inaccurate or misleading.

22. On October 1, 2019, Ms. Krueger terminated Andrew's employment, denying Andrew several of his employment benefits, including job-protected leave under the FMLA, ongoing employment to carry him through the prescribed surgery, subsidized health insurance coverage, nearly thirty (30) days of paid time off, contributions to a Flexible Spending Account (FSA) and Health Reimbursement Account (HRA).

## COUNT I
## INTERFERENCE
## (FMLA)

23. Plaintiff incorporates paragraphs 1-22 herein.

24. Andrew received a doctor's recommendation for a full hip replacement on August 28, 2019 based on the ongoing Osteoarthritis in his right hip, a serious and debilitating health condition.

25. As a result, Andrew was eligible for, filled-out the required Wesley Brio paperwork repeatedly, and planned to take FMLA leave related to his hip replacement surgery.

26. On or about August 28, 2019, after receiving the surgical recommendation from his doctor, Andrew notified Wesley Brio human resources and his supervisor of his upcoming surgery.

27. Defendant denied Plaintiff's request to take FMLA leave by terminating Plaintiff's employment.

28. Andrew suffered emotional distress related to the sudden loss of support and benefits needed for his prescribed surgery and recovery as a result of Brio interference.

29. Defendant's conduct constitutes interference in violation of the Family and Medical Leave Act of 1993, as amended.

30. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has incurred lost wages and other damages.

31. Plaintiff further requests liquidated damages, reasonable attorneys' fees and costs.

WHEREFORE, Andrew respectfully prays that the Court enter judgment against Wesley Life, d/b/a Brio of Johnston, and award him: damages to fully and fairly compensate him for his losses, lost wages and benefits; liquidated damages; attorney fees and litigation expenses; emotional distress damages; the cost of this action; interest; and for all other just and equitable relief the Court deems appropriate under the premises.

## COUNT II
## GENDER DISCRIMINATION/ HARRASSMENT BASED UPON SEX
### (Title VII and Iowa Code Chapter 216)

32. Plaintiff incorporates paragraphs 1-31 herein.

33. Andrew is a member of a protected class and at all times material hereto an employee of Wesley Brio in the State of Iowa.

34. Plaintiff was hired as the director of food and beverage on July 23, 2018, and held the position for over a year and received a favorable review in the months leading up to his termination. Therefore, Plaintiff was qualified for the employment at issue.

35. Andrew suffered an adverse employment action.

36. Ms. Krueger engaged in unlawful gender discrimination by requiring male directors to attend weekly one-on-one meetings with her, but not requiring the same of female directors.

37. Defendant's discriminatory conduct was intentional, malicious, and directed at Andrew; Andrew is, therefore, entitled to punitive damages.

38. Defendant's conduct constitutes unlawful gender discrimination in violation of the Civil Rights Act of 1964 and Iowa Code Chapter 216.

39. Andrew further requests reasonable attorneys' fees and costs.

WHEREFORE, Andrew respectfully prays that the Court enter judgment against Wesley Life, d/b/a Brio of Johnston, and award him: damages to fully and fairly compensate him for his losses, lost wages and benefits; emotional distress damages; punitive damages to deter future conduct; attorney fees and litigation expenses; the cost of this action; interest, and for all other just and equitable relief the Court deems appropriate under the premises.

## COUNT III
## DISABILITY DISCRIMINATION
### (ADAAA and Iowa Code Chapter 216)

40. Plaintiff incorporates paragraphs 1-39 herein.

41. Plaintiff, at all times material hereto, had severe arthritis in his hip, which does not allow him to sit or stand for extended periods of time, he has difficulty bending, especially at the waist, and he struggles to lift heavy items.

42. As a result, Plaintiff was and/or is disabled/regarded as being a person with a disability.

43. Plaintiff is qualified to perform the essential functions of his position.

44. The circumstances surrounding Plaintiff's termination raise an inference that Wesley Brio engaged in illegal disability discrimination and terminated Andrew's employment due to his disability.

45. Defendant's conduct constitutes unlawful disability discrimination in violation of the Iowa Civil Rights Act of 1965, as amended.

46. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has and will continue to incur lost wages and other damages.

47. Plaintiff further requests reasonable attorneys' fees and costs.

WHEREFORE, Andrew respectfully prays that the Court enter judgment against Wesley Life d/b/a Brio of Johnston, and award him: damages to fully and fairly compensate him for his losses, lost wages and benefits; attorney fees and litigation expenses; emotional distress damages; the cost of this action; interest and for all other just and equitable relief the Court deems appropriate under the premises.

## COUNT IV
## RETALIATION
## (FMLA, ADAAA, Title VII Iowa Code Chapter 216)

48. Plaintiff incorporates paragraphs 1-47 herein.

49. Andrew exercised protected rights of requesting leave, accommodations and complaining to Ms. VanDerWeil of discrimination he was facing in the workplace because of his request for leave under the FMLA, gender and disability.

50. Andrew suffered interference/retaliation in the form of adverse employment actions by receiving a coaching about his performance and eventually being terminated, which would dissuade a reasonable person from making a charge of interference/discrimination.

51. There is a causal connection between the timing of Ms. VanDerWeil's feedback to Ms. Krueger regarding Plaintiff's complaints of interference/discrimination, and Wesley Brio's coaching and subsequent termination of Andrew.

52. Defendant's actions and conduct in terminating Plaintiff's employment constitute interference/retaliation in violation of the FMLA, ADAAA, Title VII and Iowa Code Chapter 216.

53. As a direct, foreseeable, and proximate result of Wesley Brio's conduct, Andrew has incurred lost wages and other damages.

54. Defendant's discriminatory conduct was intentional, malicious, and directed at Andrew; Andrew is, therefore, entitled to punitive damages.

55. Plaintiff further requests reasonable attorneys' fees and costs.

WHEREFORE, Andrew respectfully prays that the Court enter judgment against WesleyLife, d/b/a Brio of Johnston, and award him: damages to fully and fairly compensate him for his losses, lost wages and benefits; liquidated damages; punitive damages to deter future conduct; attorney fees and litigation expenses; emotional distress damages; the cost of this action; interest; and for all other just and equitable relief the Court deems appropriate under the premises.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues as appropriate in this matter.

By:
*/s/ Drew J. Gentsch*
Drew J. Gentsch
gentsch@whitfieldlaw.com
WHITFIELD & EDDY, P.L.C.
699 Walnut Street, Suite 2000
Des Moines, Iowa 50309
Phone: (515) 288-6041
Fax: (515) 246-1474

Administrative Release
(Letter of Right-To-Sue)

| To: | ) | From: |
|---|---|---|
| ROBERT ANDREW MEEK<br>6508 BARTON COURT<br>JOHNSTON, IA 50131 | )<br>)<br>)<br>)<br>) | Iowa Civil Rights Commission<br>Grimes State Office Building<br>400 E. 14th Street<br>Des Moines, Iowa 50319 |
| Complaint CP# 10-19-74207    EEOC# 26A-2020-00054C | | |

This is your Administrative Release (Right-To-Sue) Letter issued pursuant to Iowa Code § 216.16 and 161 Iowa Administrative Code Section § 3.10. It is issued pursuant to your request.

The conditions precedent found in 161 Administrative Code § 3.10(2) have been met.

With this Right-To-Sue Letter, you have the right to commence an action in district court. That action must be commenced within ninety (90) days of the Right-To-Sue Letter issuance date, 10/22/2020. The Right-To-Sue Letter is not a finding by the ICRC on the merits of the charge. The ICRC will take no further action in this matter.

A copy of the Right-To-Sue Letter has been sent to the Respondent(s) as shown below. The Administrative Rules allow any party to a complaint to request a copy of the file when a Right-to-Sue has been issued. The Administrative Rules allow any party to a complaint to request a copy of the file when a Right-to-Sue has been issued. If you or your attorney would like to obtain a copy of the file, please submit your request in writing via regular mail, fax, or email to icrc@iowa.gov. The copy and processing fees are as follows:

- Photocopy of investigative files - .25¢ per page; copies of digital recordings $15.00 per electronic storage device (hard copy); actual cost of postage; search/supervisory fee $26.00 per hour
- Scanned copy of investigative files - $15.00 for first 150-page batch; $10.00 for each 150-page batch thereafter; copies of digital recordings $10.00 per electronic storage device (electronic copy); search/supervisory fee $26.00 per hour

If you opt for an electronic copy, you must provide an email address in order to receive the copy.

The Iowa Civil Rights Commission
Phone: (515) 281-4121
FAX: (515) 242-5840
Email: icrc@iowa.gov

cc: File
    DREW J. GENTSCH, Complainant's Attorney
    MICHELE BROTT, Respondent's Attorney
    JAMES H. GILLIAM, Respondent's Attorney
    WESLEY LIFE
    TERESA KRUEGER, EXECUTIVE DIRECTOR

EXHIBIT 1

EEOC Form 161-B (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Kay E. Oskvig<br>Whitfield & Eddy Law<br>699 Walnut Street, Suite 2000<br>Des Moines, IA 50309 | From: | Milwaukee Area Office<br>310 West Wisconsin Ave<br>Suite 500<br>Milwaukee, WI 53203 |
|---|---|---|---|

For: Robert A. Meek

[ ]   On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 26A-2020-00054 | Pamela A. Bloomer,<br>State & Local Program Manager | (414) 662-3702 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]   More than 180 days have passed since the filing of this charge.

[ ]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]   The EEOC is terminating its processing of this charge.

[ ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Julianne Bowman/pb*           October 1, 2020

**Julianne Bowman,**
**District Director**

Enclosures(s)                                           (Date Mailed)

cc:   James H. Gilliam
LAW OFFICE OF JAMES H. GILLIAM PC
541 31st St Ste A
Des Moines, IA 50312

For: WESLEY LIFE INC.

EXHIBIT 2

OCT 0 5 2020

Enclosure with EEOC
Form 161-B (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**</u>

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**
- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | |
|---|---|
| ROBERT ANDREW MEEK, | ) CASE NO: LACL149411 |
| Plaintiff, | ) |
| | ) **ACCEPTANCE OF SERVICE** |
| v. | ) |
| WESLEYLIFE d/b/a BRIO OF JOHNSTON, | ) |
| Defendant. | ) |

On this 23rd day of December, 2020, the undersigned, Katie E. Anderegg and Sarah K. Franklin, do hereby accept service of the Original Notice and Petition at Law in the above-referenced matter, as attorney for and on behalf of the Defendant Wesleylife d/b/a Brio of Johnston.

*/s/ Katie E. Anderegg*
Sarah K. Franklin AT0009630
Katie E. Anderegg AT0013357
DAVIS, BROWN, KOEHN, SHORS
& ROBERTS, P.C.
The Davis Brown Tower
215 10th Street, Suite 1300
Des Moines, Iowa 50309-3993
Telephone:  (515) 288-2500
Facsimile:  (515) 243-0654
E-mail:  SarahFranklin@davisbrownlaw.com
E-mail:  KatieAnderegg@daivsbrownlaw.com

ATTORNEYS FOR DEFENDANTS

#3244117